# Little *v.* Western Union Telegraph Co.

*Damage for Delay in Delivery of Death Message.*

(Decided November 20, 1913.   Rehearing denied February 12, 1914.
64 South. 556.)

*Telegraphs and Telephones; Delay in Message; Evidence; Sufficiency.*—The evidence examined and held to show that the delay in the delivery of the message was not the proximate cause of plaintiff's not attending the funeral, and that if he had used ordinary diligence after the delivery of the message, he would have had ample time to have attended the funeral.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Action by John C. Little against the Western Union Telegraph Company, for damages for delay in delivery of a death message.   Judgment for defendant and plaintiff appeals.   Affirmed.

PAUL HODGES, for appellant.   The court was in error in giving the affirmative charge for defendant.—*Bates v. Harte,* 127 Ala. 427; *Momar v. Rosser,* 123 Ala. 641; *L. & N. v. Lancaster,* 121 Ala. 471; *Manker v. W. U. T. Co.,* 131 Ala. 294.   The court was also in error in its rulings on the evidence.—*Henderson v. W. U. T. Co.,* 89 Ala. 510; *W. U. T. Co. v. Manker,* 145 Ala. 418; *Lay v. Pos. T. Co.,* 54 South. 529.

GEORGE P. JONES, for appellee.   The gist of the action was that on account of the delay plaintiff was denied the right and privilege of attending his brother's funeral, and there was an entire absence of evidence of that fact, the evidence showing that he had ample time by the use of ordinary diligence to have reached the place of the funeral in time for the funeral.   This being true, the court properly directed a verdict for defendant.

MAYFIELD, J.—This action was to recover damages, on account of delay in the transmission and delivery of a telegraphic death message which was in words and figures as follows: "To John C. Little, Florence, Ala. Ed Little died three o'clock to-day, funeral tomorrow, Tuscumbia, eleven thirty, remains arrive in News Boy. Ben Little." The message was sent from Birmingham, Ala., via Nashville, Tenn. The sender, the sendee, and the deceased were brothers. The message was given to the sending office, at Birmingham, Ala., at 7:55 p. m., March 4, 1911. It was received at, or telegraphed to, the delivery office, Florence, Ala., at 9:15 a. m., March 5, 1911, and delivered to the sendee by a messenger boy 15 minutes thereafter.

It was shown that the office hours of the telegraph company, at Florence, were from 8 a. m. to 8 p. m., with an hour's intermission, from 12 m. to 1 p. m., for dinner, and the same period, from 6 to 7 p. m., for supper, on week days, and that on Sunday the office hours were from 9 to 10 in the forenoon and from 4 to 6 in the afternoon. The 4th of March, 1911, was Saturday, and the 5th—the day the message was received at Florence— was Sunday. It was shown that under these rules of the company as to office hours, and the necessary conditions as to the method of sending the telegraphic message and as to its routing—that is, via Nashville—it was for all practical purposes, impossible for the message to have reached Florence on Saturday night before the office there was closed; and it was further shown that the message was delivered within 30 minutes after the office was opened on Sunday morning, which was two hours prior to the time announced by the message as the hour for the funeral at Tuscumbia. Tuscumbia was shown to be from five to eight miles distant—the difference being due to the route traveled, whether by rail or by

dirt road; the usual agency of travel between the two cities being electric street cars and the time of transit being practically speaking, an hour. The evidence, for all practical purposes, may be said to be without dispute, though there were, as in all cases where a number of witnesses are examined and cross-examined, some uncertainties, discrepancies, and differences as to minutiæ. That the trial court so considered and treated the evidence is shown by the fact that the general affirmative charge was given for the defendant, as was requested in writing.

The correctness of this ruling of the trial court presents, of course, the material question for decision on this appeal. While there are other assignments, yet, if this ruling was correct, under the view we take of the case, any possible errors were necessarily harmless, for the reason that this ruling should have been the same, even though all the others complained of had been in appellant's favor. We think the undisputed evidence shows that the message was delivered in ample time for the plaintiff to have attended the funeral of his brother, if he had used ordinary diligence, and that all the evidence shows this, even that of his own. Though, of course, he does not admit it in express terms, it appears with reasonable certainty from what he does say.

A material allegation was that on account of the delay in the delivery of the message the plaintiff was deprived of the opportunity of attending the funeral of his brother; that after receiving the message, which was shown to have been at 9:30 a. m. on the day of the funeral, he made every effort to attend the funeral, by taking the quickest means of transportation that were afforded between the two cities of Florence and Tuscumbia. We are of the opinion, not only that the plaintiff failed to prove this allegation, but that in the light

of all the evidence it was affirmatively disproven; that it was shown that the plaintiff could and would have arrived at Tuscumbia in time for the funeral if he had exercised ordinary diligence, and taken advantage of the "quickest means of transportation afforded between the cities," as he alleged he did. All the evidence—even that of the plaintiff—shows that an hour and a half was ample time to make the trip from Florence to Tuscumbia, and that plaintiff had this much time.

There are other theories upon which this charge was properly given in this case; but it is unnecessary to state them or to discuss them.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.